42 F.3d 1387
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Beverley C. WOODSON, Plaintiff-Appellant,
v.
McGEORGE CAMPING CENTER, INCORPORATED; Masco Corporation of
Indiana, Defendants-Appellees,
SUNLINE COACH COMPANY, Defendant.
 No. 93-1780.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 27, 1994.
Decided Nov. 30, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-90-613)
 Samuel Keith Barker, S. Keith Barker, P.C., Richmond, VA, for appellant.
 William Joseph Owen, III, Cowan & Owen, P.C., Richmond, VA; Carlyle Randolph Wimbish, III, Sands, Anderson, Marks & Miller, Richmond, VA, for appellees.
 M. Pierce Rucker, II, Sands, Anderson, Marks & Miller, Richmond, VA, for appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This is the second appeal in this case. In the first appeal, appellant Beverley C. Woodson challenged, among other things, the district court's grant, at the close of Woodson's case, of a judgment as a matter of law (JAMOL), see Fed.R.Civ.P. 50, in favor of the appellees, McGeorge Camping Center (McGeorge), Masco Corporation (Masco), and Sunline Coach Company (Sunline), on her claims arising out of an accident on Interstate 85 in North Carolina. We held that Woodson's claims asserted against McGeorge and Masco were viable, but also held that the district court properly granted a JAMOL in favor of Sunline. See Woodson v. McGeorge Camping Center, No. 91-1761 (4th Cir. September 15, 1992) (unpublished) (Woodson I ). On remand, the case proceeded to trial, and a jury returned verdicts in favor of McGeorge and Masco on all claims submitted to it. Woodson now appeals, raising numerous assignments of error. For reasons that follow, we affirm.
 
 
 2
 * In August 1988, Woodson purchased a 1988 model Sunline T-1550 trailer (T-1550 or trailer) from McGeorge. In selecting the appropriate hitch to employ in towing the T-1550, Woodson selected, based upon a recommendation by a McGeorge employee, a Reese hitch manufactured by Reese Products.[1] On October 7, 1988, Woodson towed her trailer to Charlotte, North Carolina. During her return trip (October 10), the trailer started to sway on a curved downgrade. Woodson was unable to correct the condition and the trailer jackknifed, flipping several times on the highway and causing injuries to Woodson.
 
 
 3
 On October 14, 1990, Woodson filed suit in Virginia state court. Woodson's complaint enumerated fourteen claims. Counts one, five, and nine were negligence claims against McGeorge, Sunline, and Masco. Counts two, six, and ten were claims against McGeorge, Sunline, and Masco for breach of implied warranties of merchantability and fitness for a particular purpose. Counts three, eight, and twelve were claims for breach of express warranty against McGeorge, Sunline, and Masco. Counts four, seven, and eleven were claims against McGeorge, Sunline, and Masco for strict liability in tort.[2] Counts thirteen and fourteen were allegations that the defendants failed to comply with the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. Sec. 2301 et seq.
 
 
 4
 The case was removed to the United States District Court for the Eastern District of Virginia in November 1990 and went to trial in July 1991. At the close of Woodson's case, the district court granted the defendants' motion for JAMOL on all of Woodson's claims still pending, principally on the grounds that there was insufficient evidence on the issue of causation.
 
 
 5
 Woodson appealed that decision to this court. We affirmed the district court's decision in part, but reversed and remanded the case in part. More specifically, we held that Woodson's claims against McGeorge and Masco should have been submitted to the jury. However, we concluded that JAMOL in favor of Sunline was warranted. On remand, the case went to trial. The jury returned verdicts in favor of McGeorge and Masco on Woodson's claims of negligence, express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose.[3] Thereafter, judgment was entered in favor of McGeorge and Masco in accordance with the jury's verdicts. Woodson noted a timely appeal.
 
 II
 
 6
 Woodson raises numerous assignments of error, only one of which merits discussion.
 
 
 7
 Despite the fact that he left Masco to form his own consulting firm some time in 1986, Masco's expert, Charles French, was designated, without objection by Woodson, as Masco's corporate representative at the first trial of this case in July 1991. At the first trial, the district court allowed both Jerry Burke, Woodson's expert, and French to be present during the presentation of all evidence. At that time, the district court stated its practice to permit both sides' design experts to be present during the presentation of all evidence.
 
 
 8
 On April 5, 1993, two days prior to the commencement of the second trial, Woodson advised Masco that it was objecting to French's presence at counsel's table as Masco's corporate representative. In denying Woodson's motion, the district court reiterated its position that it felt it was helpful for experts to be present during the presentation of evidence. Accordingly, pursuant to the district court's policy on experts, Woodson had the opportunity to have her expert present, but did not take advantage of it. Woodson contends that under Fed.R.Evid. 615[4] the district court's failure to sequester French from the courtroom constitutes reversible error. While we agree that a technical violation of Rule 615 occurred, in the circumstances of this case, we find that the error did not affect Woodson's substantial rights and, therefore, the error does not constitute reversible error. See Fed.R.Civ.P. 61.
 
 
 9
 Although Rule 615 provides that a court shall exclude witnesses upon request by a party, it does not completely limit the court's discretion. Rule 615 provides three exceptions for: "(1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause." Rule 615 is designed to avoid the testimony of one witness improperly influencing that of another and to aid in the detection of disingenuous testimony. See Geders v. United States, 425 U.S. 80, 87 (1976) ("The aim of imposing 'the rule on witnesses,' as the practice of sequestering witnesses is sometimes called, is twofold. It exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid."). Furthermore, Fed.R.Evid. 703,[5] which permits an expert to base his opinion on facts or data perceived by or made known to him at trial, does not furnish an automatic basis for exempting an expert from sequestration under Rule 615. See Morvant v. Construction Aggregates Corp., 570 F.2d 626, 630 (6th Cir.1978). The court in Morvant reasoned that:
 
 
 10
 the very breadth of the permissible scope of testimony by an expert witness suggests that in some instances at least, the trial judge could be justified in holding that his presence in the courtroom was not essential and that his exclusion from the courtroom might in a given case make a more objective and, perhaps, more honest witness out of him.
 
 
 11
 Id. Consequently, under Rule 615(3), a court can only except a witness from sequestration when the party seeking to except a witness from sequestration makes an adequate showing that the witness is essential to its cause.
 
 
 12
 Here, none of the exceptions apply. The first exception--where a party is a natural person--is inapplicable to Masco or McGeorge, which are corporate entities. The second exception--where a party which is not a natural person designates as its corporate representative an "officer or employee" of the party--is inapplicable here because French was not "an officer or employee" of either Masco or McGeorge at the time of the second trial. Finally, at oral argument, counsel for Masco candidly admitted that it did not attempt to make a showing that French was "a person whose presence [was] ... essential to the presentation of [its] cause." Accordingly, because none of the three exceptions to Rule 615 apply, the district court abused its discretion when it refused to exclude French. In reaching this conclusion, we do not question the propriety of the district court's practice to permit both parties' design experts to remain present during the presentation of evidence in product design cases; often these types of expert witnesses will prove to be essential. Rule 615, however, is explicit: to avoid the sequestration mandate when properly invoked, the party seeking to except a witness from sequestration must make the showing that the presence of the witness is essential to its cause. In this case, Masco made no such showing.
 
 
 13
 We are left then with the question of whether this error affected the substantial rights of Woodson. See Fed.R.Civ.P. 61; cf. United States v. Farnham, 791 F.2d 331, 335 (4th Cir.1986) (Rule 615 error in a criminal trial subject to harmless error analysis). Making this determination involves an "assessment of the likelihood that the error affected the outcome of the case." Jordan v. Medley, 711 F.2d 211, 218 (D.C.Cir.1983). As the Supreme Court explained, "if one cannot say, with fair assurance ... that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." Kotteakos v. United States, 328 U.S. 750, 765 (1946). "Application of this test is highly sensitive to the unique context of the particular case, including the one-sided or closely balanced nature of the evidence bearing upon the issue which the error arguably affected ... and the centrality of that issue to the ultimate deci sion." Jordan, 711 F.2d at 219; see also Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 157 (6th Cir.1988); Lataille v. Ponte, 754 F.2d 33, 37 (1st Cir.1985).
 
 
 14
 Our review of the record demonstrates that Woodson's substantial rights were not affected by the district court's ruling. First, French's presence was of little surprise to Woodson since both Burke and French remained in the courtroom during the presentation of evidence in Woodson I. Second, Woodson was offered the opportunity to have her expert present, but did not take advantage of it. Cf. United States v. Burgess, 691 F.2d 1146, 1157 (4th Cir.1982) (district court did not abuse its discretion in allowing government expert to remain in courtroom where government made adequate showing and defendant was afforded same opportunity). Third, French's testimony was nothing more than a rebuttal of the opinions offered by Burke, and clearly Woodson had the opportunity to bring to light the fallacies of French's testimony through cross-examination and rebuttal. Finally, French testified in the capacity of an expert witness and not as a lay witness. See Morvant, 570 F.2d at 629-30 ("Theoretically at least, the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial."). Under such circumstances, we cannot conclude that the technical violation of Rule 615 affected Woodson's substantial rights. See Fed.R.Civ.P. 61.
 
 III
 
 15
 We have reviewed Woodson's remaining assignments of error and find them to be without merit. Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Reese Products is a division of Masco
 
 
 [2]
 Counts four, seven, and eleven were dismissed by the district court. Woodson has never contested the propriety of this action before this court
 
 
 [3]
 At the conclusion of Woodson's case, the district court also granted the defendants' motion for JAMOL on Woodson's MMWA claims. In Woodson I, we held that Woodson's MMWA claims were viable to the extent that they duplicated state law warranty claims. At trial, the jury returned verdicts in favor of the defendants on each of Woodson's state law warranty claims. Accordingly, because the jury found in favor of the defendants on each of Woodson's state law warranty claims, there can be no basis for recovery under the MMWA
 
 
 [4]
 Fed.R.Evid. 615 provides:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.
 
 
 [5]
 Fed.R.Evid. 703 provides:
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.